UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                    Case No. 13-25645-BKC-LMI

Casa Casuarina, LLC,                                      Chapter 11

      Debtor
_____/

### VM SOUTH BEACH, LLC'S EMERGENCY MOTION
### FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

**(Emergency Hearing Requested on or before Wednesday, July 3.)**

**THE HONORABLE RAYMOND B. RAY: I want a motion for the appointment of a receiver.  And that's going to be heard on an expedited basis.  If you can get it filed today, we can hear it Monday or Wednesday of next week. … And, quite simply, I will tell you now I'm going to grant it.  I want someone on the [Casa Casuarina] premises in charge of security in the premises.  Transcript of Hearing 13:12 – 14:2, June 27, 2013 (emphasis added), a copy of the transcript is attached here as Exhibit "A" ("June 27 Tr.").**

**For the same reasons that Judge Ray was prepared to appoint a receiver for the Casa Casuarina property at a hearing scheduled today at 2:00 p.m. and for the further reasons explained below, VM states that its collateral interest in the Casa Casuarina property is at risk of direct, immediate and substantial harm, and respectfully requests a hearing on or before Wednesday, July 3.**

    VM South Beach, LLC ("VM") moves on an emergency basis for the appointment of a chapter 11 trustee in the bankruptcy case of Casa Casuarina, LLC ("Casa" or the "Debtor").  In support of the Motion, VM states:

**Statement of the Basis for Emergency Relief**

1. On June 27, 2013, Judge Ray held a specially-set, emergency hearing in VM's pending foreclosure action against Casa[1] concerning the insurance and security arrangements for the Casa Casuarina property, which is located at 1116 Ocean Drive, Miami Beach, Florida and is formerly known as the Versace Mansion (the "Property"). As explained to Judge Ray in detail on the record at that hearing, VM has learned, and alleges in support of the requested relief, that:

- For a period of time before June 25, 2013 the Property was uninsured;

- The insurance obtained on the Property by Casa as of June 25, 2013 covers the dwelling for loss up to a limit of only $6,000,000,[2] an amount that is inadequate in relation to the more than $31.5 million owed to VM under the applicable loan documents and well below the coverage of $20,000,000 required under those documents;

- Despite the entry by Judge Ray of a discovery order shortening the time for Casa to provide VM with documents concerning the insurance and security arrangements (the "Discovery Order"), Casa has failed to provide any copies of insurance policies or evidence of additional insurance coverage on the Property for flood or windstorm, as requested by VM, notwithstanding the onset of the Atlantic hurricane season on June 1, 2013;

- Despite the entry of the Discovery Order, Casa has failed to provide any evidence of adequate security on the Property, nor any documents supporting the assertion

---

[1] The procedural and factual background that brought a foreclosure action before Judge Ray is explained below.

[2] A true and correct copy of a document styled, "Evidence of Property Insurance," is attached as Exhibit "B" to this Motion. This document was obtained from Casa in response to VM's Second Request for Production of Documents to Casa Casuarina, LLC in the Foreclosure Action, a true and correct copy of this is attached as Exhibit "C" to this Motion (the "Insurance and Security Document Request").

of its principal that it or its affiliate is "spending upwards of $50,000 to maintain the property," as requested by VM. Amazingly, the only document produced in response to this Request is an excerpt of an email from an unidentified person who claims to be living in the property with his/her family, and promises to "contact [an unidentified person apparently named Amy] and Pete [presumably Peter Loftin, the principal of Casa]" '[s]hould any issues arise."[3]

2. Based on Casa and Mr. Loftin's failures to obtain and provide evidence of adequate insurance and security for the Property, their disregard of the Discovery Order, and other misconduct explained below, it is clear from the totality of the circumstances that cause exists for the appointment of a Chapter 11 trustee, and that such an appointment is in the interest of creditors. Indeed, virtually all of Mr. Loftin's dealings with third parties in connection with the Casa Property have been tainted by fraud and/or dishonesty, incompetence and gross mismanagement, and demonstrate that he simply cannot be trusted with even the relatively limited task of maintaining the Property. Indeed, it is through Mr. Loftin's own machinations and mismanagement – rising to the level of extreme ineptitude or worse -- that there are no business operations at the Property and no rents or other income stream from which the administrative expenses of the estate can be paid.

## Procedural and Factual Background

**A.    The Debtor is a single-asset real estate entity without operations or income.**

3. On July 1, 2013 (the "Petition Date"), Casa commenced this bankruptcy case by the filing of a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code. Casa is owned by Luxury Resorts, LLC ("Luxury Resorts"), and is ultimately owned and controlled by

---

[3] A true and correct copy of this email excerpt is attached as Exhibit "D" to this Motion. This document was obtained from Casa in response to Request No. 2 of the Insurance and Security Document Request.

Peter Loftin. Casa's sole asset is the Property. The Property does not have a tenant, does not have any operations, and is not generating any income.

**B.    The Property secures VM's first-priority mortgage.**

4.    VM owns and holds a loan (the "Loan") made to Casa that now exceeds $31.5 million. The Loan is secured by a duly perfected, fully enforceable first-priority mortgage (the "Mortgage") on the Property. The Mortgage was first recorded against the Property on December 1, 2000, and it was amended and restated on December 22, 2006. Casa has not made any payments whatsoever on the Loan since December 2010. *See* Casa's Responses to Requests for Admissions, Request No. 12; a copy of which is attached as Exhibit "E" to this Motion (the "Admissions"). Nor has Casa paid the real property taxes for the years 2009, 2010 and 2011. *See* Admissions, Request No. 5.

**C.    VM commences a foreclosure action in District Court, and the foreclosure is referred to Judge Ray.**

5.    The Loan and Mortgage were assigned to VM on December 19, 2011 by WestLB AG, a German financial institution ("WestLB"). In connection with this assignment, the following documents, among others, were assigned to VM:

- Loan and Security Agreement, dated December 22, 2006, a true and correct copy of which is attached as Exhibit "F" to this Motion (the "Loan Agreement");

- Amended and Restated Promissory Note, dated December 22, 2006 (the "Note"); a true and correct copy of which, together with its Allonge, is attached as Exhibit "G" to this Motion; and

- Amended and Restated Mortgage and Security Agreement, dated December 22, 2006 (previously defined as the "Mortgage"), recorded on January 17, 2007 in Official Records Book 25281 at Page 4604 of the Public Records of Miami-Dade

County, Florida, a true and correct copy of which is attached as Exhibit "H" to this Motion.

By virtue of this assignment from WestLB, VM is entitled to enforce the Note and foreclose the Mortgage.

6. VM commenced a civil action to foreclose the Mortgage and for related relief in the United States District Court for the Southern District of Florida (the "District Court") on December 23, 2011 (the "District Court Action"). Following a hearing and briefing before the District Court, the court determined that three of VM's four claims in the District Court Action—claims to foreclose the Mortgage, to foreclose its security interests and for an assignment of rents—were "related to" the chapter 11 bankruptcy case styled *In re Rothstein Rosenfeldt Adler, P.A.*, No. 09-34791-RBR (the "Rothstein Bankruptcy").[4] The District Court therefore referred those three claims to Judge Ray,[5] which are now pending before him in an adversary proceeding styled *VM South Beach, LLC v. Casa Casuarina, LLC*, No. 13-01295-RBR (the "Foreclosure Action").[6]

---

[4] The District Court found that these three claims were "related to" the Rothstein Bankruptcy because they could conceivably affect the value of claims made by the Rothstein Trustee for an equitable lien in the Property and for a 9.99% equity interest in Luxury Resorts. Judge Ray has repeatedly rebuked counsel for the Rothstein Trustee for his efforts to elevate these claims to an "ownership interest" simply by *ipse dixit*. *See, e.g.*, Transcript of Hearing 15:1-2, January 23, 2013 ("THE COURT: I've not ruled that [the Casa Casuarina property] is property of the estate"); *id.* (responding to statement of counsel that "the estate does have an interest in the [Casa Casuarina] property," "[n]o, it **claims** an interest in the property") (emphasis added); *id.* (responding again to counsel's assertion that "indeed there is" an estate interest in the Casa Casuarina property, "right now it's not, it's **just merely an allegation**") (emphasis added); a copy of the transcript is attached as Exhibit "I" to this Motion. Although the validity, priority and amount of the equitable lien and equity claims are matters of dispute between the Rothstein Trustee and VM, those matters are not implicated by this Motion. The purpose of the background in this footnote and the accompanying text is to explain to the Court the unusual history which led to transfer of the Foreclosure Action to Judge Ray.

[5] The fourth claim in the District Court Action remains before the District Court. This is a claim to enforce VM's recourse liability agreement against Mr. Loftin individually. The parties to that action agreed to a stay, and the District Court entered an order accordingly. By the terms of that agreement and order, however, the filing of this bankruptcy case terminated the stay.

[6] The Foreclosure Action has been consolidated for discovery and other purposes with the Rothstein Trustee's separate adversary proceeding pending before Judge Ray for the avoidance of transfers made to Casa and

**D.     Casa and Mr. Loftin constructively evict the Property's tenant.**

7.     During the pendency of the Foreclosure Action until May 31, 2013, the Property was occupied and operated by a tenant, 1116 Ocean Drive, LLC, pursuant to a ten-year lease (with an option for an additional ten years), dated December 15, 2009.  The tenant is owned and controlled by noted South Florida restaurateur and caterer Barton G. Weiss, who operated the premises under the "Barton G." brand as a restaurant and hotel with a focus on weddings, corporate and philanthropic events, and other formal receptions.  The tenant paid rent through at least April 30, 2013.  *See* Admissions, Request No. 10.  Before May 31, 2013, the tenant provided insurance and security for the Property as part of active business operations.

8.     On May 1, 2013, the tenant sued Casa in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida for various claims including fraud in the inducement and constructive eviction (the "Fraud and Eviction Suit").  A copy of the complaint (without its exhibits) commencing the Fraud and Eviction Suit is attached as Exhibit "J" to the Motion (the "1116 Ocean Drive Complaint").  The gravamen of the tenant's fraud claim is that Mr. Loftin intentionally concealed from Mr. Weiss that Casa was in default of the Loan, that WestLB was threatening a foreclosure suit, and that the Property was not suitable for the tenant's intended purpose.  *See* Ex. J, ¶¶ 14-18.  In particular, the tenant alleges that Casa and Mr. Loftin misrepresented in the lease that Casa had no knowledge of threatened litigation at a time when WestLB had issued three notices of default and had threatened a foreclosure action.  *See id.*, ¶¶ 19-22.

9.     The Fraud and Eviction Suit also alleges that Mr. Loftin's actions decreased the tenant's revenues by almost 50%.  *See* Ex. J, ¶¶ 29.  In June of 2012, Casa and Mr. Loftin

---

certain of its affiliates and for the imposition of an equitable lien on the Property.  This avoidance adversary proceeding is styled *Stettin v. Casa Casuarina, LLC, et al.*, No. 11-027790-RBR.

arranged for the Property to be listed for sale by Jill Hertzberg and Jill Eber, real estate brokers who specialize in luxury homes in Miami Beach. The tenant alleges that Mr. Loftin made disparaging comments about Mr. Weiss and the lease in an effort to destabilize the tenant's business operations and eliminate the lease so as to be able to sell the Property. *Id.*, ¶ 26. For example, Mr. Loftin told a *New York* Times columnist in an article dated January 3, 2013 that "*there are always ways to get out of leases.*" *Id.*, ¶ 27; *see also* Alexei Barrionuevo, *$100 Million Buys More Than You Think*, *N.Y.Times*, January 3, 2013, a true and correct copy of which is attached as Exhibit "K" to this Motion.[7]

10. On May 31, 2013, the tenant vacated the premises.

**E.    Judge Ray schedules an emergency hearing to appoint a receiver over the Property and to consider additional relief.**

11. After 1116 Ocean Drive vacated the Property on May 31, 2013, VM became concerned that that the Property was not being adequately insured and secured. Viewing this concern as a matter of common interest among itself, Casa and the Rothstein trustee, VM attempted to initiate a dialogue with Casa and the Trustee on June 12 so as to obtain assurances that the Property was covered by adequate insurance and security arrangements. A true and correct copy of this email is attached as Exhibit "L" to this Motion. Although Casa failed to respond directly to this overture, Mr. Loftin directly emailed counsel for VM and one of the principals of VM, and represented that he was spending "upwards of $50,000 to maintain the property." A true and correct copy of Mr. Loftin's email, dated June 12, 2013, is attached as Exhibit "M" to this Motion.

---

[7] Of course, the 1116 Ocean Drive lease at the Property was an important element of VM's collateral, which now has been rendered virtually worthless by Mr. Loftin's impertinent and damaging actions and public comments.

12. In light of Casa's failure to respond directly to VM's insurance and security concerns, VM issued the Insurance and Security Document Request in the Foreclosure Action on June 17. This request sought the production of documents concerning "any and all proof of existing general casualty, fire, flood and windstorm insurance on the Property and its contents"; "any and all contracts and other written evidence of arrangements in place to provide security for the Property"; and all documents supporting Mr. Loftin's claim he was "spending upwards of $50,000 to maintain the property." In light of the urgency of these matters arising from the prominence of the Property and the onset of the Atlantic hurricane season, VM obtained the Discovery Order, which required by its plain terms that Casa produce written responses on June 20 and responsive documents on June 21.

13. Casa failed to respond on a timely basis to the Insurance and Security Document Request in violation of the Discovery Order. After a final effort by VM to resolve its inquiry without seeking the assistance of Judge Ray (an effort which was acknowledged only with evasive and disrespectful comments directed to VM's co-counsel and the urgency recognized by Judge Ray in entering the Discovery Order), VM moved on an emergency basis to compel responses and for entry of an order to show cause why Casa and Mr. Loftin should not be held in contempt. Judge Ray scheduled an emergency hearing for Thursday, June 27, at 9:30 a.m.

14. The afternoon before the emergency hearing, Casa produced the "Evidence of Insurance" attached as Exhibit B. While that document refers in no less than three places to "policies" of insurance, Casa produced no such policies or other documents relating to insurance. On the issue of security for the Property, Casa produced nothing more than an email containing the promise of an unidentified person to "ensure no trespassers enter the property" and in the event "any issues arise" to call "Pete." *See* Ex. D.

15. Following argument from counsel for VM and for Casa at an emergency hearing on Thursday, June 27, Judge Ray granted the motion to compel and afforded Casa until 5:00 p.m. on Friday, June 28 to produce documents responsive to the Insurance and Security Document Request. In reserving ruling on the issuance of an order to show cause, Judge Ray also directed VM to file motions for appointment of a receiver and for authority to insure and secure the property as an advance against the Loan Documents by the end of the day on June 27, and scheduled a hearing on the motions for today, Monday, July 1 at 2 p.m. Regarding the receivership motion, Judge Ray stated, "quite simply, I will tell you now I'm going to grant it. I want someone on the premises in charge of security." June 27 Tr. 13:25-14:2.

16. Through counsel, Casa and Mr. Loftin have stated under penalty of Judge Ray's order compelling production by 5 p.m. on Friday, June 28 that the one-page Evidence of Insurance and the half-page email comprise ALL of the responsive documents to VM's Insurance and Security Request. *See* email, dated June 27, 2013, a true and correct copy of which is attached as Exhibit "N" to this Motion.

F. The Property is not adequately insured.

17. Even without regard to Casa's wildly inflated estimates of value, it is beyond dispute that the $6 million insurance that appears only recently to have been obtained to cover the dwelling on the Property is patently inadequate in both amount and scope. Section 6.1(j) of the Loan Agreement requires Casa "at its sole cost and expense, [to] obtain and maintain in effect *at all times* the insurance policies described on **Exhibit H** . . . *naming WestLB AG . . . as an additional insured."* (**bold** in original; *italics* supplied). Exhibit I to the Loan Agreement,

styled "Required Insurance,"[8] sets forth coverage under the series of policies then in place, including:

- Property insurance of $20,000,000 on the Building, $7,700,000 on the Real Property, $500,000 Flood, and other coverages;
- General liability insurance of $1,000,000 each occurrence and $2,000,000 general aggregate, including bodily injury and third party property damage;
- Excess/Umbrella liability coverage of $5,000,000 each occurrence and aggregate;
- A separate flood insurance policy of $500,000;
- Automobile liability insurance of $1,000,000 combined single limit;
- Crime insurance of $100,000 employee theft and $25,000 robbery; and
- Workers compensation insurance of $500,000/$500,000/$500,000.

18. The recently placed insurance coverage falls far below the levels required under the Loan and Security Agreement, *and most egregiously fails to name VM, in its capacity as Mortgagee, as an additional insured.* In addition, it is a matter of serious concern to VM and the Court that one month into the Atlantic hurricane season the Property is not covered by flood or windstorm insurance. From the minimal documentation produced to date in response to the Second Request for Production, it appears that Casa and Mr. Loftin do not take seriously either the requirements of the Loan and Security Agreement or the Discovery Order.

**G.    The Property is not protected by adequate security.**

19. Again on the issue of security, Casa offers no meaningful proof that this prominent and highly visible Property is being adequately protected. The fact that an unidentified individual and his/her family may be living at the Property is hardly a substitute for

---

[8] It appears that through a typographical error the Required Insurance is actually listed in Exhibit I rather than H.

the 24/7 security required for a property of this type, especially now that no business operations are being conducted there. Despite Mr. Loftin's unsubstantiated claims of "spending upwards of $50,000 to maintain the [P]roperty," Casa has produced no evidence to establish that a single dollar has been or is being spent on security guards, video surveillance, central station monitoring, or any other security measures that should be required for a high-profile property such as Casa Casuarina.

## Relief Requested and Basis Therefor

20. Pursuant to Section 1104 of the Bankruptcy Code and Rule 2007.1 of the Federal Rules of Bankruptcy Procedure, VM respectfully requests the appointment of a chapter 11 trustee for the Debtor.

21. Section 1104 of the Bankruptcy Code provides two grounds for the appointment of a chapter trustee as follows:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;

(2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor

Although there is a presumption that a debtor should remain in possession, "this presumption is based on the belief that the debtor in possession is most knowledgeable about, and best able to run, the debtor's business. *In re Sundale, Ltd.*, 400 B.R. 890, 899 (Bankr. S.D. Fla. 2009) (citing *In re SunCruz Casinos, LLC*, 298 B.R. 821, 828 (Bankr.S.D.Fla.2003)). The grounds for appointment of a trustee must be shown by clear and convincing evidence. *Id.*

22. Based upon all of the foregoing facts, it is inescapably clear from the totality of the circumstances that Casa's and Mr. Loftin's prepetition conduct rises to the level of fraud, dishonesty, incompetence or gross mismanagement. Casa and Mr. Loftin caused 1116 Ocean Drive to vacate the Property, cutting off the rental income stream that was the Debtor's sole source of income. Casa and Mr. Loftin allowed the insurance on the Property to lapse for a period of at least twenty-five days, sought to insure the Property only after they were "caught" by VM and it became clear that their failure to insure the Property would become known to Judge Ray, and even then only obtained woefully inadequate insurance. Casa and Mr. Loftin have not only failed to arrange adequate security for the Property, but appear to have actually increased the risk by relying on a family to provide the security services that should be supplied by bonded, insured security guards and electronic systems. Through their extreme ineptitude, Casa and Mr. Loftin have created a situation where the Property and the bankruptcy estate are at risk of immediate and permanent harm through the occurrence of an uninsured or under-insured loss, an intrusion resulting in theft or destruction of the contents of the Property, or an injury to the Property's current residents.

23. It is equally clear that Mr. Loftin has demonstrated incompetence and mismanagement in his dealings with his former tenant, with VM and with Judge Ray. Mr. Loftin was dishonest when he represented to Mr. Weiss that there was no threatened litigation at a time that WestLB had issued three notices of default and was threatening to foreclose the Mortgage. Mr. Loftin was dishonest or incompetent when he failed to respond to the Insurance and Security Document Request in compliance with the Discovery Order. Mr. Loftin was dishonest when he represented to VM that he was spending $50,000 maintaining the Property but failed to produce even a single document in response to the Insurance and Security Document Request, as ordered

by Judge Ray. If indeed other documents actually exist within the scope of the Insurance and Security Document Request – such as the insurance policies referred to in the one-page production – then Mr. Loftin was dishonest in causing his counsel to certify that all responsive documents had been produced. The collective impact of these acts and omissions is to compel a finding of incompetence and gross mismanagement of the affairs of the Debtor.[9]

24. Mr. Loftin cannot be trusted with the crucial and fundamental task of maintaining insurance and security for the Property. Even if after the June 27 hearing he procured, or in connection with this Chapter 11 case he promises to procure, adequate insurance and security for the Property, his responses to VM's well-founded concerns regarding these issues suggest that it will be virtually impossible for VM and the Court to monitor these arrangements on an ongoing basis. For all the foregoing reasons, "cause" exists to appoint a chapter 11 trustee, or the appointment of a chapter 11 trustee would be in the interest of creditors.

---

[9] In addition to all of the foregoing, counsel is in possession of a recent spate of unsolicited emails from Mr. Loftin reflecting both a personal vendetta directed toward certain members of the VM, and quite likely an intention to utilize allegations contained in those emails for purposes of harassment or even extortion in the course of this case. While not worthy of repetition in the public record, the emails demonstrate a level of acrimony by Mr. Loftin toward Casa's largest creditor that rises well above the usual conflict inherent between a debtor and its creditors, serve even further to disqualify Mr. Loftin from the role of a responsible person in control of a debtor in possession, and add to the totality of circumstances that compel the appointment of a Chapter 11 Trustee on an emergency basis.

WHEREFORE, VM South Beach, LLC respectfully requests the entry of Order granting this Motion; ordering the appointment of a Chapter 11 Trustee; and directing the United States Trustee immediately to appoint a Chapter 11 Trustee in this bankruptcy case.

Dated: July 1, 2013

Respectfully submitted,

**Greenberg Traurig, P.A.**
333 Avenue of the Americas
Miami, Florida 33131
Telephone: (305) 579-0730
Facsimile: (305) 579-0717


By:___/s/ Mark D. Bloom_____
　　Mark D. Bloom
　　Fla. Bar. No. 303836
　　bloomm@gtlaw.com
　　John R. Dodd, Esq.
　　Fla. Bar No. 38091
　　doddj@gtlaw.com

*Counsel for VM South Beach, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 1, 2013, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail, postage prepaid, and by electronic mail where indicated, for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              /s/ John R. Dodd
                                            JOHN R. DODD

**SERVICE LIST**

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case, and are therefore being served via transmission of Notices of Electronic Filing:

Joe M. Grant, Esq. on behalf of Debtor Casa Casuarina, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov


**Manual Notice List**

The following is the list of parties who are not on the list to receive e-mail notice/service for this case, and are therefore being served by first class U.S. Mail, postage prepaid, and by electronic mail where indicated:

1116 Ocean Drive, LLC
c/o Hall Lamb and Hall, P.A.
Penthouse One
2665 S. Bayshore Drive
Miami, FL 33133
Email: andyhall@hlhlawfirm.com
Email: rwalsh@hlhlawfirm.com

Adam J. Steinberg
200 S. Andrews Avenue, Suite 903
Ft. Lauderdale, FL  33301
Email: adam@adamsteinberglaw.com

Alexandra Albu
c/o Lawrence McGuinness, Esq.
1627 S.W. 37th Ave.
Suite 100
Miami, FL 33145

Alfred Chouinard
c/o Thomas Butler, Esq.
407 Lincoln Rd.
Suite 4C
Miami Beach, FL 33139

Barry Sendach
c/o Thomas Butler, Esq.
407 Lincoln Rd.
Suite 4C
Miami Beach, FL 33139

Carlton Fields
100 S.E. 2nd Street
Suite 4200
Miami, FL 33131

Elizabeth Kumin
c/o Thomas Butler, Esq.
407 Lincoln Road
Suite 4C
Miami Beach, FL 33139

Gina Johnson
c/o Thomas Butler, Esq.
407 Lincoln Road
Suite 4C
Miami Beach, FL 33139

Herbert Stettin, Chapter 11 Trustee
c/o Charles H. Lichtman, Esq.
Berger Singerman
350 East Las Olas Blvd.
Fort Lauderdale, FL 33311
Email: clichtman@bergersingerman.com
Email: FScruggs@Bergersingerman.com

Ivan Kaufman
c/o Thomas Butler, Esq,
407 Lincoln Rd.
Suite 4C
Miami Beach, FL 33139

James Harrold
c/o Thomas Butler, Esq.
407 Lincoln Rd.
Suite 4C
Miami Beach, FL 33139

Jerri Sendach
c/o Thomas Butler, Esq.
407 Lincoln Rd.
Suite 4C
Miami Beach, FL 33139

Joseph Bonifacio
c/o Lawrence McGuinness, Esq.
1627 S.W. 37th Avenue
Suite 100
Miami, FL 33145

Loran McGlynn
c/o Thomas Butler, Esq.
407 Lincoln Road, Suite 4C
Miami Beach, FL 33139

Miami Dade County Tax Collector
140 West Flagler Street
1st Floor
Miami, FL 33130
Email: cao.bkc@miamidade.gov
Email: mst4@miamidade.gov

Michael Pospisil
c/o Lawrence McGuiness, Esq.
1627 S.W. 37th Ave.
Suite 100
Miami, FL 33145

Monique Alfonso
c/o Lawrence McGuinness, Esq.
1627 S.W. 37th Avenue
Suite 100
Miami, FL 33145

Property Tax Consultants, Ltd.
c/o Evan J. Langbein, Esq.
Langbein & Langbein, P.A.
8181 N.W. 154th Street, Suite 105
Hialeah, FL 33016

Ranko Slavujevic
c/o Lawrence McGuinness, Esq.
1627 S.W. 37th Ave.
Suite 100
Miami, FL 33145

Rice Pugatch Robinson Schiller
101 N.E. 3rd Ave.
Suite 1800
Fort Lauderdale, FL 33301
Email: CPugatch@rprslaw.com
Email: GZinkler@rprslaw.com

Robert Rowen
c/o Thomas Butler, Esq.
407 Lincoln Rd.
Suite 4C
Miami Beach, FL 33139

Steven D. Schneiderman
United States Department Of Justice
Office of the United States Trustee
51 S.W. First Ave., Suite 1204
Miami, Florida 33130
Email: Steven.d.schneiderman@usdoj.gov

Sol Kumin
c/o Thomas Butler, Esq.
407 Lincoln Rd.
Suite 4C
Miami Beach, FL 33139

Thomas Butler, Esq.
407 Lincoln Rd.
Suite 4C
Miami Beach, FL 33139
Email: appellatelaw@bellsouth.net

Thomas E. McGlynn
c.o Thomas J. Butler, Esq.
407 Lincoln Road, Suite 4C
Miami Beach, FL 33139

Thomas Johnson
c/o Thomas Butler, Esq.
407 Lincoln Rd.
Suite 4C
Miami Beach, FL 33139

VM South Beach, LLC
c/o Mark Bloom, Esq.
Greenberg Traurig
333 S.E. 2nd Ave.
Miami, FL 33131

Wayland Hicks
c/o Thomas Butler, Esq.
407 Lincoln Rd.
Suite 4C
Miami Beach, FL 33139

Casa Casuarina, LLC
c/o CT Corporation System
as Registered Agent
1200 S. Pine Island Road
Plantation, FL 33324