UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

CASA CASUARINA, LLC.,                              Case No. 13-25645-LMI

                                                   Chapter 11

    Debtor.
_____/

**DEBTOR'S MOTION FOR THE ENTRY OF AN ORDER (1) AUTHORIZING DEBTOR TO SCHEDULE AN AUCTION SALE OF DEBTOR'S PROPERTY; (2) APPROVING BIDDING PROCEDURES IN CONNECTION WITH AUCTION SALE; (3) APPROVING FORM AND MANNER OF NOTICE OF AUCTION SALE; (4) SCHEDULING A SALE HEARING TO APPROVE SALE, 5) APPROVING THE ADVANCE OF COSTS FOR MARKETING AND (6) APPROVING THE SALE OF THE DEBTOR'S INTEREST IN REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**

**Expedited hearing requested on July 16, 2013**

Debtor, Casa Casuarina LLC, as Chapter 11 debtor in possession (the "Debtor"), pursuant to Sections 363 and 1107(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and Local Rule 6005-1, by and through undersigned counsel, hereby files this Motion (the "Sale Motion") for the entry of an Order (1) authorizing the Debtor to schedule an auction sale of the Debtor's real property, (2) approving bidding procedures in connection with auction sale, (3) approving form and manner of notice of sale, (4) scheduling a sale hearing to approve sale, (5) approving the advance of costs for marketing and (6) approving the sale of the Debtor's interest in the real property free and clear of liens, claims, and encumbrances (the "Sale Motion"). In support thereof, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Motion and to grant the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1408.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. The statutory predicates for this Motion are Sections 105 and 363 of Title 11, United States Code and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

## STATUS OF CASE

5. On July 1, 2013, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtor's single valuable asset is real property located at 1116 Ocean Drive, Miami Beach, FL (the "Property," "Real Property," or "Versace Mansion").

6. By this Sale Motion, the Debtor seeks the Court's approval of an auction sale, pursuant to Section 363(b) and (f), of the Versace Mansion.

7. The Debtor and the two largest creditors, VM South Beach LLC ("VM") and the Bankruptcy Estate of Rothstein, Rosenfeld and Adler, P.A. ("RRA"), agree that the best and most expeditious way of attaining a sale certain, and the highest and best value for the Property, is to proceed with an auction sale.

8. In connection with the relief request in this Motion, the Debtor has assembled a team of professionals, including Jill Hertzberg and Jill Eber (the "Jills"); and Lamar Fisher and Fisher Auction Company ("the Auctioneer"), subject to Bankruptcy Court approval, to market and auction the property within 60 to 90 days

9. The parties presently contemplate either a minimum bid auction format with the minimum bid to be determined by the Auctioneer at the auction, or a stalking horse auction format with a stalking horse contract. The auction sale contract contemplates bidding increments of $500,000.00 subject to adjustment by the Auctioneer at the Auctioneer's discretion.

10. The auction sale procedures contemplate an additional 4% buyer's premium, which is fairly standard in the industry. A buyer's premium is added onto the successful bid amount to calculate the total purchase amount due at closing, and shall be paid (in cash or its equivalent) whether or not the purchase is by credit bid, except that, if the purchase is by Credit Bid Alone[1], the buyer's premium will be reduced to 2%. The 4% buyer's premium will be divided as follows: Fisher Auction Company to receive 1.5% of the final bid price; the Jills to receive 1.5% of the final bid price; a procuring cause broker to receive 1% of the final bid price; should the property be purchased without a procuring cause broker and/or the Jills become the procuring cause broker, the Jills will receive an additional .5% of the final bid price and Fisher Auction Company will receive an additional .5% of the final bid price. If the Property is purchased solely by credit bid, no procuring cause broker will be entitled to any commission or portion of the buyer's premium, and the 2% buyer's premium will be divided as follows: Fisher Auction Company to receive 1% of the final bid price and the Jills to receive 1% of the final bid price.

11. Upon approval of the Sale Motion, VM shall advance directly to the Jills and the Auctioneer, approximately $50,000.00 to be used for marketing and advertising

---

[1] The term "Credit Bid Alone" shall refer to a Credit Bid whereby the entirety of the bid, other than any amount of cash or equivalent escrowed to pay off asserted senior liens, is by credit bid

costs for the auction. To secure the advance, the Debtor has agreed to a first-priority lien in the amount of $50,000.00, which shall be valid irrespective of any subsequent challenge to the extent, validity or priority of VM's existing liens, and the Debtor requests Court approval of the same pursuant to 11 U.S.C. § 364(d).

## RELIEF REQUESTED

12. By this Sale Motion, the Debtor respectfully requests that the Court approve an auction and sale process as set forth herein.

13. In order to ensure that the estate is able to derive maximum value from the Property, the proposed sale will be to the highest and best bidder at auction, at the discretion of the Debtor, subject to Bankruptcy Court approval, and after consultation with (a) VM, (b) RRA, (c) the Office of the United States Trustee, and (d) if appointed, the committee of unsecured creditors. The Debtor seeks to adopt procedures which will foster competitive bidding among potential buyers, without eliminating or discouraging any qualifying bids. In connection therewith, the Debtor requests that the Court approve the following marketing, bidding and sale procedures, which the Debtor believes are likely to maximize the realizable value of the Property for the benefit of the estate (the "Bidding Procedures").

## THE BIDDING PROCEDURES

- <u>Marketing Plan</u>: The Debtor, by separate application [D.E. 14] is seeking to retain the services of the Auctioneer to implement an extensive Accelerated Marketing Plan to advertise the sale of the Property and to conduct the auction sale thereof (the "Marketing Plan"). A copy of the Marketing Plan, which outlines the Auctioneer's proposed marketing activities, is attached hereto as Exhibit "A".

- <u>Participation Requirements</u>: Unless otherwise ordered by the Court, in order to participate in the bidding process, an interested bidder must,

  a. No later than September 17, 2013, at 5:00 p.m. (or such other date as set forth by the Court) which is two (2) business days prior to the scheduled auction (the "Bid Deadline"):

    i. wire into the trust account of Marshall Socarras Grant, P.L., an escrow deposit of $3,000,000.00;

    ii. submit to Marshall Socarras Grant, P.L., Attn. Joe M. Grant, Esq., proof of funds availability of not less than $50,000,000.00.

    iii. Any party that complies with this subsection shall be deemed a "Qualified Bidder."

  b. Any secured creditor holding a lien against the Property shall automatically be deemed a Qualified Bidder and shall not be required to comply with subsection (a) above.

- Participation in Auction: Provided that there are Qualified Bidders, the Debtor, by and through the Auctioneer, will conduct an auction (the "Auction"). The Auction shall take place onsite (at the Property), which is located at 1116 Ocean Drive, Miami Beach FL, 33139, on September 19, 2013 at 10:00 a.m. (or such other date as set forth by the Court). The location of the auction is subject to change to other times or places so long as the Debtor shall notify all Qualified Bidders and it is reasonably required by the circumstances.

- Auction Procedures: At the Auction, all Qualified Bidders shall be entitled to make any bids. Subsequent bids shall be in increments of $500,000.00. The Auctioneer may reduce the incremental bidding at amount to be determined by the Auctioneer at his sole discretion. Bidding at the Auction shall continue until such time as the highest and best offer is determined, which shall be determined by the Auctioneer in the exercise of his business judgment. The Auctioneer reserves the right to modify the bidding increments or announce at the Auction additional procedural rules for conducting the Auction in the exercise of its business judgment.

- Successful Bid: After the conclusion of the Auction, the Successful Bidder and Back Up Bidder (as defined below) shall fully execute an asset purchase agreement substantially in the form attached hereto as Exhibit "B" (the "Purchase Agreement,") which may be modified hereafter, but shall include a purchase price (specifying any amount to be credit bid), shall be subject to Bankruptcy Court Approval, and shall have no due diligence or financing contingencies. The Debtor shall submit the highest or best bid (the "Successful Bid") for approval to the Bankruptcy Court at the Sale Hearing, at 51 S.W. 1st Ave., Room 1409, Miami, FL 33130 (the "Sale Hearing") on September __, 2013 (or such other date as set forth by

the Court). The Qualified Bidder who has the Successful Bid shall be presented to the Court for approval as the "Successful Bidder." At the Sale Hearing, the Debtor intends to seek approval from the Court for the next highest or best bid (the "Back Up Bid"), which approval shall authorize the Debtor to consummate the Back Up Bid immediately after a default under the Successful Bid without further order of the Court. Promptly following the conclusion of the Sale Hearing, the Debtor shall return the deposits to each unsuccessful Qualified Bidder (except the Back Up Bidder whose deposit shall either be returned upon the closing of the sale to the Successful Bidder or applied to the purchase price in a closing with such Back Up Bidder).

- Closing: Closing shall take place within twenty (20) days of entry of the Sale Order but not sooner than 15 days, or when the Sale Order becomes final, whichever is later. The Successful Bidder must be prepared and must in fact consummate the purchase of the Property in accordance with the Purchase Agreement. Upon the failure of the Successful Bidder to consummate the closing of the purchase of the Property because of a breach or failure on the part of the Successful Bidder, then the Debtor may elect in its business judgment the next highest or otherwise best Qualified Bidder to be the Successful Bidder (the "Back Up Bidder"). The ultimate purchaser, upon closing, whether the Successful Bidder or the Back Up Bidder, shall be referred to herein as the "Purchaser".

- As Is Where Is: The Property will be sold in its "As Is", "Where Is" condition and with all faults, with no guarantees or warranties express or implied.

- No Conditions or Contingencies: The Property will be sold without any financing or other conditions, other than marketable title.

- Credit Bid: Any secured creditor holding a secured claim against the Property shall be entitled to credit bid the full value of the claim, or such amount as is (i) agreed to between the Debtor and the secured creditor, or (ii) ordered by the Court (the "Credit Bidder"), whether or not the claim is disputed, provided that if (a) the Credit Bidder is ultimately the Purchaser, and (b) such claim is subsequently disallowed (in whole or in part), the Purchaser shall repay to the Debtor's estate the amount by which the credit bid exceeds the allowed amount of the secured claim. In order to credit bid, the Credit Bidder must escrow with the Debtor's attorneys funds (in cash or its equivalent) sufficient to satisfy any liens asserted to be senior to the Credit Bidder's lien, pending a determination by the Court of the extent, validity and/or priority of the senior lien.

- Sale Free and Clear of Liens, Claims and Conditions: The Property will be sold free and clear of all liens, claims and encumbrances, but subject to: comprehensive land use plans, zoning, restrictions, prohibitions and other

      requirements imposed by governmental authority; restrictions and matters appearing on the plat or otherwise common to the subdivision; outstanding oil, gas and mineral rights of record without right of entry; unplatted public utility easements of record; and taxes for year of Closing and subsequent years;; provided, that there exists at Closing no violation of the foregoing and nothing preventing use of the Property for residential or commercial purposes.

- <u>Real Estate Commissions</u>: The Auctioneer, the Jills, and the buyer's duly registered broker, are the only parties that shall be entitled to a commission in connection with this transaction. The Auctioneer and the Jills will each be entitled to a commission of not more than 2% of the purchase price, which is included the buyer's premium, as set forth in their retention application. The buyer's registered broker will be entitled to a commission of 1% of the purchase price, which is included in the buyer's premium. The Purchaser shall indemnify and hold the estate harmless for any other claimed real estate commissions. If the Property is sold by Credit Bid Alone, then the sole commissions due as a buyer's premium shall be 1% to the Jills and 1% to the Auctioneer. Whether the sale is by cash sale or Credit Bid Alone, the Purchaser will be required to pay the buyer's premium, which shall be 4% for any cash sale or 2% for any sale by Credit Bid Alone.

- <u>Objections</u>: Objections, if any, to the Sale, must (a) be in writing; (b) set forth the nature of the objector's claims against or interest in the Debtor's estate, and the basis for the objection and the specific grounds therefore; (c) comply with the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of Florida and all Orders of this Court; (d) be electronically filed with the Court in this case no later than 6:00 pm on September 17, 2013 (or such other date as set forth by the Court). Only timely filed and served responses, objections, or other pleadings will be considered by this Court at the Sale Hearing. The failure of any person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale or the consummation and performance of the Agreement.

### APPROVAL OF FORM AND MANNER OF NOTICE FOR BIDDING PROCEDURES AND SALE

14. Pursuant to Bankruptcy Rule 2002(a), the Debtor is required to provide creditors with 21 days' notice of the Sale Hearing. Pursuant to Bankruptcy Rule 2002(c), such notice must include the date, time and place of the Auction and the Sale Hearing, and the deadline for filing any objections to the relief requested. The Debtor has served or

will serve this Sale Motion on all creditors and the Office of the United States Trustee. In addition, the Debtor proposes to serve upon all creditors and parties who have expressed an interest in acquiring the Property the Notice of Sale and Bidding Procedures (the "Notice") substantially in the form attached hereto as Exhibit "C". The Notice will include, among other things, bidding qualification requirements, the location, date and time of the Auction, the proposed Bidding Procedures, the deadline for filing objections, and the date and time of the Sale Hearing. The Debtor seeks approval of attached Exhibit "C."

### SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES.

15. The Debtor seeks to sell the Property by auction to the highest and best bidder, free and clear of liens, claims and encumbrances but subject to: comprehensive land use plans, zoning, restrictions, prohibitions and other requirements imposed by governmental authority; restrictions and matters appearing on the plat or otherwise common to the subdivision; outstanding oil, gas and mineral rights of record without right of entry; unplatted public utility easements of record or taxes for year of Closing and subsequent years.

16. Section 363(f) of the Bankruptcy Code authorizes the Debtor to sell property of the estate free and clear of any liens, claims or encumbrances if one of the following is met: (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. The

language of Section 363(f) is in the disjunctive, so that a sale free and clear of interests can be approved if any of the aforementioned conditions are met. *In re Heine,* 141 B.R. 185, 189 (Bankr. D.S.D. 1992); *In re Elliot,* 94 B.R. 343, 345 (E.D. Pa. 1988). The Debtor asserts that Section 363(f)(1)(2)(3), and (5) authorize the sale of the Property free and clear of all interests, liens, claims, and encumbrances to the Purchaser.

17. The Debtor submits that the sale should be free and clear of all liens, claims and encumbrances, with any such liens, claims or encumbrances to attach to the proceeds of the sale. The sale satisfies the requirements of Section 363(f) of the Bankruptcy Code as the Debtor asserts that there is a bona fide dispute as to any secured claims which exceed the minimum bid, and the creditors with liens that are undisputed and enforceable against the sales proceeds of the Property are receiving equal payment for their interests in this auction sale as they would receive under state law. Additionally, in order to further protect creditors whose secured claims are disputed, the Debtor contemplates allowing any such creditor to credit bid, pursuant to 11 U.S.C. § 363(k), the full value of its disputed secured claim, subject to disgorgement to the estate of any amounts ultimately credit bid by the Purchaser which exceed the allowed amount of the Purchaser's secured claim.

18. There are sound business reasons discussed above justifying the sale of the Property to the highest and best bidder, at this time. The Debtors will have provided notice of the sale and Bid Procedures to all creditors and interested parties while the Auctioneer will have extensively marketed the Property in accordance with the Marketing Plan. The Debtor submits that, as a result of the Auction, the sale will be for a fair and reasonable market price and, of course, conducted in good faith.

## FINAL HEARING DATE FOR THE SALE MOTION

19. The Debtor requests a date be set on which the court may conduct a hearing to approve the successful bid. The Debtor respectfully requests that the Court set such hearing for September 20, 2013.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (1) authorizing the Debtor to schedule an auction sale of the Debtor's real property, (2) approving bidding procedures in connection with auction sale, (3) approving form and manner of notice of sale, (4) scheduling a Sale Hearing to approve sale, (5) approving the advance of costs for marketing;(6) approving the sale of the Debtor's real property free and clear of liens, claims, and encumbrances, and (7) granting such other and further relief as is proper.

Respectfully submitted,

**MARSHALL SOCARRAS GRANT, P.L.**
Proposed Attorneys for the Debtor In Possession
197 South Federal Highway, Suite 300
Boca Raton, Florida 33432
Telephone No. 561.361.1000
Facsimile No. 561.672.7581
Email: jgrant@msglaw.com

By: /s/ Joe M. Grant
    JOE M. GRANT
    Florida Bar No. 137758
    ADAM D. MARSHALL
    Florida Bar No. 579823
    LAWRENCE E. PECAN
    Florida Bar No. 99086

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 8th day of July, 2013, I electronically filed the foregoing document with the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all parties and counsel of record identified on the attached Service List via U.S. Mail and transmission of Notice of Electronic Filing generated by CM/ECF.

## SERVICE LIST

**VIA CMECF:**

Mark D. Bloom, Esq. on behalf of Creditor VM South Beach, LLC
bloomm@gtlaw.com, MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

John R. Dodd, Esq. on behalf of Creditor VM South Beach, LLC
doddj@gtlaw.com, miaecfbky@gtlaw.com;mialitdock@gtlaw.com

Joe M. Grant, Esq. on behalf of Debtor Casa Casuarina, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com

Laura F Gross on behalf of Creditor VM South Beach, LLC
lgross@gunster.com, jhoppel@gunster.com

Edward A Marod on behalf of Creditor VM South Beach, LLC
emarod@gunster.com, lwaite@gunster.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Melinda S Thornton, Esq on behalf of Creditor Miami-Dade County Tax Collector
cao.bkc@miamidade.gov