UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

CASA CASUARINA, LLC.,                                Case No. 13-25645-LMI

                                                     Chapter 11

    Debtor.
_____/

**ORDER GRANTING
DEBTOR'S MOTION FOR THE ENTRY OF AN ORDER (1) AUTHORIZING
DEBTOR TO SCHEDULE AN AUCTION SALE OF DEBTOR'S PROPERTY; (2)
APPROVING BIDDING PROCEDURES IN CONNECTION WITH AUCTION SALE;
(3) APPROVING FORM AND MANNER OF NOTICE OF AUCTION SALE; (4)
SCHEDULING A SALE HEARING TO APPROVE SALE, 5) APPROVING THE
ADVANCE OF COSTS FOR MARKETING AND (6) APPROVING THE SALE OF THE
DEBTOR'S INTEREST IN REAL
<u>PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES</u>**

      THIS MATTER, came before the Court on _____ upon Casa Casuarina

LLC's (the "Debtor") motion for the entry of an Order (1) authorizing the Debtor to schedule an

auction sale of the Debtor's real property, (2) approving bidding procedures in connection with

auction sale, (3) approving form and manner of notice of sale, (4) scheduling a sale hearing to approve sale, (5) approving the advance of costs for marketing and (6) approving the sale of the Debtor's interest in the real property free and clear of liens, claims, and encumbrances (the "Sale Motion"). The Court, having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, the creditors and all other parties-in-interest it is hereby FOUND AND DETERMINED THAT:

1. This Court has jurisdiction over this matter and over property of the Debtor pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper in this district pursuant to 28 U.S.C. § 1408;

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b);

3. Good and sufficient notice of the relief sought in the Motion has been given in accordance with Bankruptcy Rule 2002, and no other or further notice shall be required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all parties-in-interest;

4. The Bidding Procedures and proposed Sale Notice are appropriate and reasonably calculated to provide all interested parties with timely and proper notice thereof;

5. The Bidding Procedures set forth herein are fair, reasonable, and appropriate and are designed to maximize the sale price of the Debtor's real property;

6. The proposed marketing efforts and bidding process as described in the Motion are fair and reasonable, and designed to fully expose the Debtor's assets to the market.

7. The entry of this Order is in the best interests of the Debtor, its estate, creditors, and all other parties-in-interest.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

**Bidding Procedures**

- Marketing Plan: The Debtor, by separate application [D.E. 14] is seeking to retain the services of the Auctioneer to implement an extensive Accelerated Marketing Plan to advertise the sale of the Property and to conduct the auction sale thereof (the "Marketing Plan"). A copy of the Marketing Plan, which outlines the Auctioneer's proposed marketing activities, is attached hereto as Exhibit "A".

- Participation Requirements: Unless otherwise ordered by the Court, in order to participate in the bidding process, an interested bidder must,

    a. No later than September 17, 2013, at 5:00 p.m. (or such other date as set forth by the Court) which is two (2) business days prior to the scheduled auction (the "Bid Deadline"):

        i. wire into the trust account of Marshall Socarras Grant, P.L., an escrow deposit of $3,000,000.00;

        ii. submit to Marshall Socarras Grant, P.L., Attn. Joe M. Grant, Esq., proof of funds availability of not less than $50,000,000.00.

        iii. Any party that complies with this subsection shall be deemed a "Qualified Bidder."

    b. Any secured creditor holding a lien against the Property shall automatically be deemed a Qualified Bidder and shall not be required to comply with subsection (a) above.

- Participation in Auction: Provided that there are Qualified Bidders, the Debtor, by and through the Auctioneer, will conduct an auction (the "Auction"). The Auction shall take place onsite (at the Property), which is located at 1116 Ocean Drive, Miami Beach FL, 33139, on September 19, 2013 at 10:00 a.m. (or such other date as set forth by the Court). The location of the auction is subject to change to other times or places so long as the Debtor shall notify all Qualified Bidders and it is reasonably required by the circumstances.

- Auction Procedures: At the Auction, all Qualified Bidders shall be entitled to make any bids. Subsequent bids shall be in increments of $500,000.00. The Auctioneer may reduce the incremental bidding at amount to be determined by the Auctioneer at his sole discretion. Bidding at the Auction shall continue until such time as the highest and best offer is determined, which shall be determined by the Auctioneer in the exercise of his business judgment. The Auctioneer reserves the right to modify the bidding increments or announce at the Auction additional procedural rules for conducting the Auction in the exercise of its business judgment.

- Successful Bid: After the conclusion of the Auction, the Successful Bidder and Back Up Bidder (as defined below) shall fully execute an asset purchase agreement substantially in the form attached hereto as Exhibit "B" (the "Purchase Agreement,") which may be modified hereafter, but shall include a purchase price (specifying any amount to be credit bid), shall be subject to

Bankruptcy Court Approval, and shall have no due diligence or financing contingencies. The Debtor shall submit the highest or best bid (the "Successful Bid") for approval to the Bankruptcy Court at the Sale Hearing, at 51 S.W. 1st Ave., Room 1409, Miami, FL 33130 (the "Sale Hearing") on September __, 2013 (or such other date as set forth by the Court). The Qualified Bidder who has the Successful Bid shall be presented to the Court for approval as the "Successful Bidder." At the Sale Hearing, the Debtor intends to seek approval from the Court for the next highest or best bid (the "Back Up Bid"), which approval shall authorize the Debtor to consummate the Back Up Bid immediately after a default under the Successful Bid without further order of the Court. Promptly following the conclusion of the Sale Hearing, the Debtor shall return the deposits to each unsuccessful Qualified Bidder (except the Back Up Bidder whose deposit shall either be returned upon the closing of the sale to the Successful Bidder or applied to the purchase price in a closing with such Back Up Bidder).

- Closing: Closing shall take place within twenty (20) days of entry of the Sale Order but not sooner than 15 days, or when the Sale Order becomes final, whichever is later. The Successful Bidder must be prepared and must in fact consummate the purchase of the Property in accordance with the Purchase Agreement. Upon the failure of the Successful Bidder to consummate the closing of the purchase of the Property because of a breach or failure on the part of the Successful Bidder, then the Debtor may elect in its business judgment the next highest or otherwise best Qualified Bidder to be the Successful Bidder (the "Back Up Bidder"). The ultimate purchaser, upon closing, whether the Successful Bidder or the Back Up Bidder, shall be referred to herein as the "Purchaser".

- As Is Where Is: The Property will be sold in its "As Is", "Where Is" condition and with all faults, with no guarantees or warranties express or implied.

- No Conditions or Contingencies: The Property will be sold without any financing or other conditions, other than marketable title.

- Credit Bid: Any secured creditor holding a secured claim against the Property shall be entitled to credit bid the full value of the claim, or such amount as is (i) agreed to between the Debtor and the secured creditor, or (ii) ordered by the Court (the "Credit Bidder"), whether or not the claim is disputed, provided that if (a) the Credit Bidder is ultimately the Purchaser, and (b) such claim is subsequently disallowed (in whole or in part), the Purchaser shall repay to the Debtor's estate the amount by which the credit bid exceeds the allowed amount of the secured claim. In order to credit bid, the Credit Bidder must escrow with the Debtor's attorneys funds (in cash or its equivalent) sufficient to satisfy any liens asserted to be senior to the Credit Bidder's lien, pending a determination by the Court of the extent, validity and/or priority of the senior lien.

- Sale Free and Clear of Liens, Claims and Conditions: The Property will be sold free and clear of all liens, claims and encumbrances, but subject to: comprehensive land use plans, zoning, restrictions, prohibitions and other requirements imposed by governmental authority; restrictions and matters appearing on the plat or otherwise common to the subdivision; outstanding oil,

      gas and mineral rights of record without right of entry; unplatted public utility easements of record; and taxes for year of Closing and subsequent years;; provided, that there exists at Closing no violation of the foregoing and nothing preventing use of the Property for residential or commercial purposes.

- Real Estate Commissions: The Auctioneer, the Jills, and the buyer's duly registered broker, are the only parties that shall be entitled to a commission in connection with this transaction. The Auctioneer and the Jills will each be entitled to a commission of not more than 2% of the purchase price, which is included the buyer's premium, as set forth in their retention application. The buyer's registered broker will be entitled to a commission of 1% of the purchase price, which is included in the buyer's premium. The Purchaser shall indemnify and hold the estate harmless for any other claimed real estate commissions. If the Property is sold by Credit Bid Alone[1], then the sole commissions due as a buyer's premium shall be 1% to the Jills and 1% to the Auctioneer. Whether the sale is by cash sale or Credit Bid Alone, the Purchaser will be required to pay the buyer's premium, which shall be 4% for any cash sale or 2% for any sale Credit Bid Alone.

- Objections: Objections, if any, to the Sale, must (a) be in writing; (b) set forth the nature of the objector's claims against or interest in the Debtor's estate, and the basis for the objection and the specific grounds therefore; (c) comply with the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of Florida and all Orders of this Court; (d) be electronically filed with the Court in this case no later than 6:00 pm on September 17, 2013 (or such other date as set forth by the Court). Only timely filed and served responses, objections, or other pleadings will be considered by this Court at the Sale Hearing. The failure of any person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale or the consummation and performance of the Agreement.

    3.    Objections: Objections, if any, to the Sale, must (a) be in writing; (b) set forth the nature of the objector's claims against or interest in the Debtor's estate, and the basis for the objection and the specific grounds therefore; (c) comply with the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of Florida and all Orders of this Court; (d) be electronically filed with the Court in this case no later than 6:00 pm on September 17, 2013 (or such other date as set forth by the Court). Only timely filed and served responses, objections, or other pleadings will be considered by this Court at the Sale Hearing. The failure of any person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter,

---

[1] The term "Credit Bid Alone" shall refer to a Credit Bid whereby the entirety of the bid, other than any amount of cash or equivalent escrowed to pay off asserted senior liens, is by credit bid

of any objection to the Motion, the Sale or the consummation and performance of the Agreement.The Bidding Procedures are hereby approved. The Debtor is authorized to act in accordance with the Bidding Procedures, which shall be binding upon all parties-in-interest in this case.

4.     The Auction shall be held on September 19, 2013, commencing at 10:00 a.m. Eastern Time at the property, which is located at 1116 Ocean Drive, Miami Beach, FL (the "Property").

### Sale Hearing

5.     The Sale Hearing shall be held before this Court on September __, 2013, at 10:00 a.m. (Eastern Time), United States Bankruptcy Court, 51 S.W. 1st Ave., Room 1409, Miami, FL 33130. The Sale Hearing may be adjourned or rescheduled without notice other than by an announcement of such adjournment at the Sale Hearing. The Sale Hearing shall be an evidentiary hearing on all matters relating to the proposed sale.

### Objections

6.     Objections, if any to the Sale, must (a) be in writing; (b) set forth the nature of the objector's claims against or interest in the Debtor's estate, and the basis for the objection and the specific grounds therefore; (c) comply with the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of Florida and all Orders of this Court; (d) be electronically filed with the Court in this case no later than 6:00 pm on September __, 2013 (the "Objection deadline"). Only timely filed and served responses, objections, or other pleading will be considered by this Court at the Sale Hearing. The failure of any person or entity to timely file its objection shall be a bar to assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale or the consummation and performance of the Agreement.

### Notice

7.     The Sale Notice is hereby approved in all respects.

8. Notice of the Bidding Procedures, the Auction, the Sale Hearing and the remainder of the relief requested in the Motion, as described in the Motion, shall be good and sufficient notice thereof, and any requirements for other or further notice shall be waived and dispensed with pursuant to Bankruptcy Rules 2002, 6004, 6006, and 9007 and pursuant to this Court's powers under section 105 of the Bankruptcy Code.

### Approval of Stalking Horse Bid

9. Subject to court approval prior to the sale, the Debtor may request the addition of a stalking horse bidder in connection with these procedures, and the Court will consider the request on an expedited basis.

### Miscellaneous

10. The Debtor is hereby authorized and empowered to take such actions, expend such funds as may be necessary to implement and effect the terms and requirements established by this Bidding Procedures order.

11. The $50,000.00 advance, as contemplated in the Sale Motion is approved, and the Debtor is authorized to grant a first-priority lien to VM South Beach LLC in the amount of $50,000.00, which shall remain valid irrespective of any successful challenge to VM South Beach LLC's existing liens.

12. Notwithstanding Bankruptcy Rules 6004 and 6006, this Order shall be effective and enforceable immediately upon its entry.

###

Submitted by:

Joey M. Grant