

**ORDERED in the Southern District of Florida on January 16, 2014.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**www.flsb.uscourts.gov**

In re:

Casa Casuarina, LLC,                    Case No. 13-25645-LMI

                                        Chapter 11

    Debtor.
_____/

**ORDER GRANTING**
**FIRST INTERIM APPLICATION OF SCA GROUP, LLC**
**FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD**
**JULY 1, 2013, THROUGH OCTOBER 29, 2013**

      This matter having come before the Court for hearing on January 13, 2014, upon the *First Interim Application of SCA GROUP, LLC. for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses Incurred for the Period July 1, 2013, through October 29, 2013*, [D.E. 144] (the "Application"), filed by SCA GROUP, LLC ("SCA"), manager for the above-captioned debtor.  No objections or comments were filed in response to the Application.  The Court, having reviewed the Application and having determined the legal

and factual bases set forth in the Application establish just cause for the relief granted herein:

HEREBY FINDS THAT:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue of this chapter 11 case and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules.

B. SCA is a duly appointed professional in the above-captioned chapter 11 case.

C. Service and notice of filing of the Application complied with the applicable requirements of the Bankruptcy Code and all applicable Bankruptcy Rules.

**IT IS HEREBY ORDERED THAT:**

1. The Application is APPROVED.

2. The Applicant is allowed an interim fee in the amount of $74,000.00, and the Debtor is directed to pay 80% of the amount sought in the Application ($59,200.00), without prejudice to the right of the Applicant to seek allowance of the remaining amounts in connection with its final fee application.

3. The Applicant shall not receive additional payments from the Estate absent further order from this Court.

4. In allowing the foregoing fees, the Court has considered the criteria and specified the factors enumerated in the Bankruptcy Code and applicable case law, including each of the factors that govern the reasonableness of fees as set forth in *In re First Colonial Corp.* 544 F.2d 1291 (5th Cir. 1974).

5. The award of compensation and reimbursement of expenses referenced above is made on an interim basis pursuant to 11 U.S.C. § 331. The award remains subject to further

review and adjustment in accordance with 11 U.S.C. §§ 328 and 330, and is without prejudice to the right of any party in interest to file objections and comments at the time of future interim and final applications.

# # #

**Submitted: by**

**Lawrence E. Pecan, Esquire**
Attorney for the Debtor
Marshall Socarras Grant, P.L.
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581

(*Attorney Pecan is hereby directed to serve a conformed copy of this Order upon receipt to all interested parties and file a Certificate of Service.)