UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

CASA CASUARINA, LLC,                                   Case No. 13-25645-LMI

                                                       Chapter 11

    Debtor.
_____/

**DEBTOR'S MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENT AMONG DEBTOR,
PETER LOFTIN, LUXURY RESORTS, LLC, LOFTIN FAMILY, LLC,
LOFTIN HOSPITALITY, LLC, GLOBAL PROPERTIES GROUP, LLC, BGW DESIGN
LIMITED, INC., 1501 EVENT ENTERPRISES, INC.,
COLLINS AVENUE PARKING, LLC,
<u>1116 OCEAN DRIVE LLC, AND BARTON G. WEISS</u>**

Casa Casuarina, LLC (the "Debtor"), by and through undersigned counsel and pursuant to Fed. R. Bankr. P. 9019, moves for entry of an order approving the settlement agreement by and among the Debtor, Peter Loftin, Luxury Resorts, LLC, Loftin Family, LLC, Loftin Hospitality, LLC, Global Properties Group, LLC, 1116 Ocean Drive LLC, BGW Design Limited, Inc., 1501 Event Enterprises, Inc., Collins Avenue Parking, LLC, and Barton G. Weiss (the "Parties"), and in support thereof, states as follows:

**Jurisdiction and Venue**

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1134. Venue is proper in this district pursuant to 28 U.S.C §§ 1408 and 1409.

2.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The predicate for the relief requested herein is Federal Rule of Bankruptcy Procedure 9019.

**Background**

3.    On July 1, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.

4. Prior to the Petition Date, the Debtor, as landlord, and 1116 Ocean Drive, LLC, as tenant, entered into a long-term commercial lease (the "Lease").

5. 1116 Ocean Drive, LLC filed a proof of claim [Claim No. 38] (the "Proof of Claim") asserting an unsecured claim in the amount of $10,000,000.00. The Debtor disputes that the Debtor was indebted to 1116 Ocean Drive, LLC, and the Debtor asserts that 1116 Ocean Drive, LLC is indebted to the Debtor.

6. This ultimately resulted in their agreement as to the form of the Settlement Agreement, a true and correct copy of which is attached hereto as **Exhibit A** (the "Settlement Agreement"), subject to Bankruptcy Court approval.

7. The Settlement Agreement provides in principal that the Parties will exchange mutual releases whereby the Parties release their various claims against each other and their respective related parties, 1116 Ocean Drive withdraws its proof of claim and dismisses its pending circuit court action and all deadlines to file responses or objections by 1116 Ocean Drive to the Debtor's Disclosure Statement, the Plan and response to the Debtor's objection to 1116 Ocean Drive, LLC's claim are extended pending the entry of an order approving this Motion.

## RELIEF REQUESTED

8. By this Motion, the Debtor respectfully requests that the Court enter an order, pursuant to Bankruptcy Rule 9019, approving the Settlement Agreement and authorizing the transactions contemplated thereunder.

9. The Eleventh Circuit has announced that:

> [w]hen a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay

      necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir.1990).

10.     Here, all four factors weigh in favor of approving the settlement.

### A. There is significant risk in litigating the case.

11.     Considering the first factor, the probability of success in litigation, the Debtor submits that there is great risk to the estate in fully litigating the case. As the Debtor has repeatedly set forth, the difference between allowance (in full) of the claim and disallowance is the difference between a 40% and 100% distribution to unsecured creditors. Under the Settlement Agreement, a 100% distribution to the holders of allowed unsecured claims is certain.

12.     If the Debtor were to litigate the case fully, there is a very real possibility that a court could agree with 1116 Ocean Drive, LLC that the Debtor's actions were a material breach of the Lease, or otherwise entitled 1116 Ocean Drive, LLC to rescission and damages. If that is the case, then the Debtor could waive any claim of damages for 1116 Ocean Drive, LLC's premature termination of the Lease, and the unsecured creditors' recovery would be severely diminished.

### B. Collection would likely prove very difficult and costly for the Estate

13.     Likewise, the Debtor believes that the second factor, the difficulty of collection, also weighs in favor of approval of the settlement. In this case, 1116 Ocean Drive, LLC, is the sole (tenant) party to the Lease. No individual or other corporation guaranteed the Lease. 1116 Ocean Drive, LLC, however, has no continuing operations, and as a Limited Liability Company, its members would not be liable for any judgment entered against it.

14.     As such, the Debtor concluded in its business judgment that collection would prove difficult, if not impossible.

### C. Litigation would likely be very expensive

15.     The litigation to resolve the Proof of Claim and any counterclaim would prove incredibly expensive. First, the claims and counterclaims would require detailed discovery into various oral and written representations made among the Parties over a period of years. Additionally, any litigation related to damages would require expert witnesses and analysis to determine 1116 Ocean Drive, LLC's expectations of profit going forward.

16.     Next, to the extent, that the counterclaim could not be fully determined in the determination of the proof of claim, 1116 Ocean Drive could be entitled to a trial before an Article III court. *Stern v. Marshall*, —U.S. —, 131 S.Ct. 2594 (2011). In fact, as such a proceeding might constitute what Judge Mark refers to as a "Core-Lite-Proceeding" (one which falls within the statutory definition of core, but which may run afoul of Article III of the Constitution), even with 1116 Ocean Drive, LLC's consent to adjudication in the Bankruptcy Court, the Debtor would be forced to await guidance from Supreme Court's decision in *Executive Benefits Ins. Agency v. Arkison*, *cert. granted*, — U.S. —, 133 S.Ct. 2880 (2013). Such uncertainty could delay the proceedings and add to the expense to the Estate. The Debtor submits, especially in light of the first two factors, that the risks of failure would not justify the added expense in fully litigating these claims and counterclaims.

### D. The Settlement is in the best interest of the creditor body

17.     In considering the paramount interest of the creditors, the Debtor necessarily weighed all of these factors. In its business judgment, it concluded that there was a risk of a highly decreased distribution to unsecured creditors, and that in light of that risk, the difficulties in collection, and the great expense involved in taking the case to trial, the settlement offer was in the creditors' best interest. As to the second part of the factor, "proper deference to [creditors'] reasonable views in the premises," the Debtor notes that no party (other than equity) could be

prejudiced by the Settlement Agreement, as the Settlement Agreement ensures that the allowed amounts of all unsecured claims will be paid in full.

### E. The Court has discretion to approve this Settlement

18. Rule 9019 provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Settlements and compromises are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 428 (1968). "Settlements are favored in bankruptcy because they serve to minimize litigation, provide a means for efficient resolution of disputes, and help to expedite the administration of the bankruptcy estate." *In re Genesis Health Ventures*, 266 B.R. 591, 619 (Bankr. D. Del. 2001); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

19. Approval of a settlement in bankruptcy proceedings is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *In re Arrow, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). The test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id.* at 891.

### CONCLUSION

20. After considering all the attending factors, in its business judgment, the Debtor believes that the proposed settlement is reasonable and in the best interests of the estate, and will resolve all disputes among the Parties while avoiding delay and costly litigation with respect thereto. For all the foregoing reasons, the Debtor believes that good cause exists for approval of the Settlement Agreement.

WHEREFORE, the Debtor respectfully requests that the Court enter an order approving the proposed settlement and Settlement Agreement, authorizing the Parties to consummate the

Settlement Agreement, and granting such other and further relief as the Court deems just and proper.

          Respectfully submitted,

**MARSHALL SOCARRAS GRANT, P.L.**
Attorneys for the Debtor
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.361.1000
Facsimile No. 561.672.7581
Email: efile@msglaw.com

By:  /s/ Joe M. Grant
     JOE M. GRANT
     Florida Bar No. 137758