**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:

CASA CASUARINA, LLC,                                                Case No. 13-25645-LMI

Chapter 11

Debtor.

_____/

### SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is made by and among Casa Casuarina, as debtor and debtor in possession (the "Debtor"), Peter Loftin, Luxury Resorts, LLC, Loftin Family, LLC, Loftin Hospitality, LLC, Global Properties Group, LLC, 1116 Ocean Drive LLC, and Barton G. Weiss (each individually a "Party" and collectively, the "Parties"). The Parties agree and recite as follows:

### RECITALS

WHEREAS, on July 1, 2013, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code;

WHEREAS, the Debtor is a debtor in possession pursuant to chapter 11 of the Bankruptcy Code, and the Debtor's case is pending before the Bankruptcy Court for the Southern District of Florida, Case No. 13-25645-LMI;

WHEREAS, prior to the Bankruptcy, the Debtor, as landlord, and 1116 Ocean Drive, LLC, as tenant, entered into a long-term commercial lease (the "Lease");

WHEREAS, 1116 Ocean Drive, LLC filed a proof of claim (the "Proof of Claim") asserting an unsecured claim in the amount of $10,000,000.00, as the result of the Debtor's alleged breach of contract and fraud;

WHEREAS, the Debtor disputes that the Debtor was indebted to 1116 Ocean Drive, LLC;

WHEREAS; the Debtor asserts that 1116 Ocean Drive, LLC is indebted to the Debtor for 1116 Ocean Drive, LLC's alleged fraudulent misrepresentations and breach of contract;

WHEREAS, 1116 Ocean Drive, LLC disputes that 1116 Ocean Drive, LLC was indebted to the Debtor; and

WHEREAS, the Parties wish to resolve all issues relating to the allegations and have set forth their compromise of their disputes in this Agreement.

## AGREEMENT

1.      Recitals Incorporated. The foregoing recitals are true and correct.

2.      Conditions Precedent. The Parties agree that the enforceability of this Agreement is subject to the Bankruptcy Court entering an order approving the terms as set forth herein, and the order becoming final and non-appealable.

3.      Debtor, Luxury Resorts, LLC, Loftin Family, LLC, Loftin Hospitality, LLC, Global Properties Group, LLC, and Peter Loftin, on behalf of themselves, and any and all of their predecessors, successors, assigns, heirs, affiliates, agents, attorneys, accountants, professionals, employees and transferees are defined collectively as "Debtor Releasing Parties".

4.      1116 Ocean Drive, LLC , Barton G. Weiss, BGW Design Limited, Inc., 1501 Event Enterprises, Inc., and Collins Avenue Parking, LLC and any and all of their predecessors, successors, assigns, heirs, affiliates, agents, attorneys, accountants, professionals, employees and transferees are defined collectively as "Ocean Drive Releasing Parties".

5.      Release by the Debtor. Effective upon the entry of a final, non-appealable order by the Bankruptcy Court approving this Agreement, the Debtor Releasing Parties each hereby release and forever discharge, to the fullest extent permitted by law, Ocean Drive Releasing

Parties for any and all actions, causes of action, claims, suits, debts, damages, judgments, liabilities, and demands whatsoever, whether matured or unmatured, whether at law or equity, whether before a local, state, or federal court, state or federal administrative agency or commission, or arbitration tribunal, regardless of location and whether now known or unknown, contingent, liquidated or unliquidated, that any of the Debtor Releasing Parties now have or may have had, from the beginning of time to the execution of this Agreement, on behalf of itself or themselves, or any other person or entity, at any time. Such release includes without limitation, any cause of action that the Debtor could have brought related to the Lease, and any claims or causes of action which could have been brought pursuant to chapter 5 of the Bankruptcy Code. For the avoidance of doubt, this includes the release of claims under the Lease, for taxes, termination of the Lease or claims of any kind or nature whatsoever as it may relate to the Debtor or its operations

6.    <u>Release by 1116 Ocean Drive</u>.  In consideration of the obligations undertaken in this Agreement, effective upon the entry of a final, non-appealable order by the Bankruptcy Court approving this Agreement, the Ocean Drive Releasing Parties hereby release and forever discharge, to the fullest extent permitted by law, the Debtor Releasing Parties for any and all actions, causes of action, claims, suits, debts, damages, judgments, liabilities, and demands whatsoever, whether matured or unmatured, whether at law or equity, whether before a local, state, or federal court, state or federal administrative agency or commission, or arbitration tribunal, regardless of location and whether now known or unknown, contingent, liquidated or unliquidated, that any of the Ocean Drive Releasing Parties now have or may have had, from the beginning of time to the execution of this Agreement, on behalf of themselves, or any other person or entity, at any time, including, without limitation, the allegations set forth in the Proof of Claim, and any liability related to the Lease.

7.    <u>Dismissal of Actions</u>. Within five business days of the entry of a final, non-appealable order by the Bankruptcy Court approving this Agreement, the Debtor shall withdraw its objection [ECF No. 162]. Within five business days of the entry of a final, non-appealable order by the Bankruptcy Court approving this Agreement, 1116 Ocean Drive, LLC, shall withdraw Proof of Claim [Claim No. 38], and shall voluntarily dismiss with prejudice Case No. 13-15720, pending before Florida's 11th Circuit Court, in and for Miami-Dade County, as to all defendants.

8.    Parties agree that the deadlines to file objection to the Debtor's Disclosure Statement and the Debtor's Plan as well as to file a response to the Debtor's objection to 1116 Ocean Drive, LLC's claim shall be extended pending the entry of an order granting the 9019 Motion.

9.    <u>No Admission of Liability; Settlement</u>.  Nothing contained in this Agreement shall constitute or be considered an admission of facts or liability by any Party in connection with any legal proceeding other than a proceeding to enforce this Agreement. The Parties agree that: (i) this Agreement constitutes a compromise of disputed claims and shall never be construed as an admission of liability or responsibility for any purpose by any Party; and (ii) the Parties to this Agreement expressly acknowledge and agree that they have accepted the consideration set forth herein as a complete compromise and settlement of matters involving disputed issues of law and/or fact, and that the aforementioned Parties assume the risk that the law and/or facts may be otherwise than they believe; and that in making this settlement, the aforementioned Parties further agree that they have not been influenced to any extent whatsoever by any representations or statements regarding any other matter made by any Party released herein or its counsel.

10. <u>Best Efforts</u>. Upon signing this Agreement, the Parties agree to file a motion to approve the terms hereof with the United States Bankruptcy Court of the approval of this Agreement and to effectuate the terms and conditions hereof.

11. <u>Authority</u>. Each Party signing this Agreement represents and warrants that he/she has full authority to do so, subject to the approval of the Bankruptcy Court. <u>This Agreement shall have no effect unless approved by the Bankruptcy Court.</u>

12. <u>Retention of Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction over the Parties to effectuate the terms and conditions of this Agreement.

13. <u>Attorney's Fees and Costs</u>. Each of the Parties agree to bear their own attorney's fees and costs. Notwithstanding the foregoing, in the event that an action is brought by one or more of the Parties to enforce the terms of this Agreement, the prevailing Party shall be entitled to reasonable attorney's fees and costs incurred in connection herewith.

14. <u>Construction</u>. Each Party hereto represents and warrants that it has had an opportunity to fully review the provisions of this Agreement with attorneys of its own choice as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting Party shall not be employed in the interpretation of this Agreement and (b) that each Party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

15. <u>Severability</u>. Should any provision of this Agreement hereto be held by any court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the remaining portions of this Agreement will nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose of the Agreement.

16.    <u>Successors and Assigns</u>.  This Agreement shall be binding upon and shall inure to the benefit of the heirs, personal representatives, successors and assigns of the Parties hereto.

17.    <u>Entire Agreement</u>.    The Parties hereto acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are superseded by this Agreement.  This Agreement may not be varied in its terms by an oral agreement or representation or otherwise, except by an instrument in writing of subsequent date hereof executed by all of the Parties hereto.

18.    <u>Division and Headings</u>.  The division of this Agreement into sections and subsections and the use of captions and headings herein are solely for convenience purposes only and shall have no legal effect in construing the provisions of this Agreement.

19.    <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same agreement.  Signatures may be exchanged by electronic means, including facsimile, and email, and each of the Parties agrees that it will be bound by its electronic signature, including facsimile signature, and that it accepts such signatures of the other Parties.

AGREED TO AND ACCEPTED:

Casa Casuarina, LLC,
By: Peter T. Loftin
Its: Manager

Date: 2/10/14

Luxury Resorts, LLC,
By: Peter T. Loftin
Its: Manager

Date: 2/10/14

Loftin Family, LLC,
By: Peter T. Loftin
Its: Manager

Date: 2/10/14

Loftin Hospitality, LLC,
By: Peter T. Loftin
Its: Manager

Date: 2/10/14

Global Properties Group, LLC,
By: Peter T. Loftin
Its: Manager

Date: 2/10/14

Peter Loftin

Date: 2/10/14

_____
BGW Design Limited, Inc.

_____
Date

_____
1501 Event Enterprises, Inc.

_____
Date

_____
Collins Avenue Parking, LLC

_____
Date

AGREED TO AND ACCEPTED:

Casa Casuarina, LLC,
By:
Its:

Date

Luxury Resorts, LLC,
By:
Its:

Date

Loftin Family, LLC,
By:
Its:

Date

Loftin Hospitality, LLC,
By:
Its:

Date

Global Properties Group, LLC,
By:
Its:

Date

Peter Loftin

Date

BGW Design Limited, Inc.

2/11/14
Date

1501 Event Enterprises, Inc.

2/11/14
Date

Collins Avenue Parking, LLC

2/11/14
Date

# 1273183 v1

1116 Ocean Drive, LLC
By Barton G. Weiss
Its:

Date    2/11/14

Barton G. Weiss

Date    2/11/14

# 1273183 v1