**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:

CASA CASUARINA, LLC,                    Case No. 13-25645-LMI
                                        Chapter 11

      Debtor.
_____/

**DEBTOR'S FIRST AMENDED**
**PLAN OF REORGANIZATION**

Table of Contents

Page

DEFINITIONS ........................................................................................................................... 3
ARTICLE I. INTRODUCTION ................................................................................................ 4
ARTICLE II. OVERVIEW ........................................................................................................ 4

Section 2.01   Description and History of the Debtor's Business .................................... 4
Section 2.02   Classification of Claims. .......................................................................... 4

ARTICLE III. TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS ...................................................................................... 5

Section 3.01   Unclassified Claims. ................................................................................. 5
Section 3.02   Administrative Expense Claims ............................................................... 5
Section 3.03   Priority Tax Claims .................................................................................. 5
Section 3.04   United States Trustee Fees ....................................................................... 5

ARTICLE IV. TREATMENT OF CLASSIFIED CLAIMS ..................................................... 5

Section 4.01   Claims Paid at Closing ............................................................................. 5
Section 4.02   Plan Treatment of Classified Claims ........................................................ 5

ARTICLE V. ALLOWANCE AND DISALLOWANCE OF CLAIMS .................................. 6

Section 5.01   Disputed Claim ......................................................................................... 6
Section 5.02   Delay of Distribution on a Disputed Claim .............................................. 6
Section 5.03   Settlement of Disputed Claims ................................................................. 6

ARTICLE VI. PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES ................................................................................................................................................. 7

Section 6.01    Assumed Executory Contracts and Unexpired Leases. ......................................... 7

   (a)   Assumed Contracts ................................................................................................ 7
   (b)   Rejected Contracts. ............................................................................................... 7

ARTICLE VII. MEANS FOR IMPLEMENTATION OF THE PLAN ....................................... 7

Section 7.01    Available Funds. ................................................................................................... 7
Section 7.02    Management........................................................................................................... 7
Section 7.03    Effective Date of Plan. .......................................................................................... 7

ARTICLE VIII. EFFECT OF CONFIRMATION OF THE PLAN ............................................. 7

Section 8.01    Discharge of Debtor............................................................................................... 7

   (a)   Discharge .............................................................................................................. 7
   (b)   Modification of Plan ............................................................................................. 8
   (c)   Final Decree .......................................................................................................... 8

Section 8.02    The Reorganized Debtor ....................................................................................... 8
Section 8.03    Administration After the Effective Date............................................................... 8
Section 8.04    Term of Bankruptcy Injunction or Stays ............................................................... 8
Section 8.05    Revesting of Assets................................................................................................ 8
Section 8.06    Injunction Related to Discharge............................................................................. 8

ARTICLE IX. MISCELLANEOUS ............................................................................................. 9

Section 9.01    Severability. .......................................................................................................... 9
Section 9.02    Binding Effect........................................................................................................ 9
Section 9.03    Captions. ................................................................................................................ 9
Section 9.04    Controlling Effect. ................................................................................................. 9

## Definitions

"Bankruptcy Code" shall refer to title 11 of the United States Code.

"Bar Date" shall refer to the deadline for non-governmental units to file a proof of claim, as set forth in Fed. R. Bankr. P. 3001, which passed on November 7, 2013.

"Court" shall refer to the United States Bankruptcy Court for the Southern District of Florida

"Casa Casuarina Property" shall have the meaning set forth in the Disclosure Statement.

"Debtor" shall refer to Casa Casuarina, LLC, the debtor-in-possession in case no. 13-25645, pending before the United States Bankruptcy Code for the Southern District of Florida

"Disclosure Statement" shall refer to this document, the disclosure statement filed on _____.

"Disputed Claims Reserve" shall have the meaning set forth in

"Effective Date" shall have the meaning set forth in the Plan.

"Face Amount" shall mean with respect to a particular claim, (a) if the holder of such claim has not filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to Rule 3003(c)(3), the amount of such claim that was listed in the Schedules (as amended) as not disputed, contingent or unliquidated; or (b) if the holder of such claim has filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to Rule 3003(c)(3), the amount stated in such proof of claim, or (c) with respect to a Fee Request, the net amount to which the applicant would be entitled if its application were to be granted in full.

"Fee Request" shall mean an application or request for payment by the Estate of fees, compensation for services rendered or reimbursement of expenses, pursuant to Rule 2016 or other applicable provision of the Bankruptcy Code.

 "Net Proceeds" shall have the meaning set forth in the Disclosure Statement

"Petition Date" shall refer to July 1, 2013, the date on which the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

"Plan" or "Plan of Reorganization" shall refer to the amended plan of reorganization filed by the Debtor on March 14, 2014.

"Plus Interest" shall mean interest at the twelve-month LIBOR rate (as of the Effective Date), plus one percent, computed from July 1, 2013 through the Effective Date.

"Proponent" shall refer to Casa Casuarina, LLC, the proponent of the Plan.

3

"Reorganized Debtor" shall refer to the Debtor on or after the Effective Date.

All other terms not otherwise defined in this Definitions Section shall have the meaning set forth in 11 U.S.C. § 101. All terms not defined in the Definitions Section or in 11 U.S.C. § 101 shall have their regular, plain-English meaning.

## Article I.
## Introduction

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code proposes to pay creditors of the Debtor in full on the Effective Date. This Plan provides for one class of priority unsecured claims, one class of secured claims, one class of general unsecured claims; and one class of equity security holders. Unsecured creditors holding allowed claims will receive distributions which pay 100% of their claims. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Article III through Article VI of this Plan for information regarding the precise treatment of their claim. A Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

## Article II.
## Overview

Section 2.01    **Description and History of the Debtor's Business.** The Debtor owned the Casa Casuarina Property, located at 1116 Ocean Drive, Miami Beach, FL, formerly known as the Versace Mansion. Due to various financial and legal issues,, the Debtor filed this bankruptcy proceeding. Pursuant to the Court's Amended Order Authorizing the Debtor to Schedule an Auction Sale and the attachments thereto [ECF No. 60], the Property was sold at an auction conducted on September 17, 2013, and a final sale hearing was held on September 18, 2013. On September 25, 2013, the Court entered an order approving the sale to VM South Beach LLC for $41.5 Million. [ECF No. 111]. On October 10, 2013, the sale of the Property closed, netting $5,544,173.88 in Net Proceeds which will be used to fund the Plan. On March 14, 2014, the Court entered an order approving a settlement with 1116 Ocean Drive LLC, the largest unsecured claimant, which will result in the withdrawal of the entity's $10,000,000.00 claim.

Section 2.02    **Classification of Claims.**

Class 1.    All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

Class 2    All secured claims allowed under § 506 of the Code.

Class 3    All unsecured claims allowed under § 502 of the Code.

4

Class 4        All Equity Interests of the Debtor.

Article III.
**Treatment of Administrative Expense Claims, U.S. Trustees Fees, and Priority Tax Claims**

Section 3.01    **Unclassified Claims.**

Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

Section 3.02    **Administrative Expense Claims.**

Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

Section 3.03    **Priority Tax Claims.**

Each holder of a priority tax claim will be paid in full upon the on the Effective Date of the Plan.

Section 3.04    **United States Trustee Fees.**

All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

Article IV.
**Treatment of Classified Claims**

Section 4.01    **Claims Paid at Closing.**  At the closing of the sale of the Property on October 10, 2013, consistent with the order approving the sale [ECF No. 111], the following parties were paid at closing in full satisfaction of their claims: The Miami Dade Tax Collector, the City of Miami Beach, the Wage Claimants, the Internal Revenue Service, U.S. FoodService Inc., and Eminence Organic Skin Care.  Unless specifically noted otherwise herein, those creditors will not receive any additional distribution under the Plan.

Section 4.02    **Plan Treatment of Classified Claims.**

| Class 1 | Priority Unsecured Claims | Unimpaired | Deemed to Accept |
|---|---|---|---|

Allowed claims in Class 1 will be paid in full, Plus Interest, on the Effective Date.

| Class 2 | Secured Claims[1] | $18,000.00 | Unimpaired | Deemed to Accept |

Allowed claims in Class 2 will be paid in full on the Effective Date.

| Class 3 | General Unsecured Claims | | Unimpaired | Deemed to Accept |

Allowed claims in Class 3 shall be paid in full, Plus Interest, on the Effective Date.

| Class 4 | Equity Class | | Unimpaired | Deemed to Accept |

Allowed claimants in Class 4 will retain their equity interests under the Plan.

## Article V.
### Allowance and Disallowance of Claims

Section 5.01    **Disputed Claim.**

A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

Section 5.02    **Delay of Distribution on a Disputed Claim.**

No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

Section 5.03    **Settlement of Disputed Claims.**

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

Section 5.04    **Disputed Claims Reserve.**

On the Effective Date, the Debtor's attorneys shall maintain, in trust, an amount equal to the Face Value of all claims to which an objection has been filed (the "Disputed Claims Reserve"). As set forth in Section 5.02 above, no distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. The Debtor's attorneys shall not disburse any funds held in the Disputed Claims Reserve to the Reorganized Debtor, except to the extent that any disputed claim is withdrawn or disallowed pursuant to a final non-appealable order, such that the total Face Value of the disputed claims is lessened.

---

[1] Includes the Secured Claim of the Wage Claimants secured by the Net Proceeds of the sale of the Casa Casuarina Property ($3,000.00) and Secured Claim of Diaz Reus & Targ, LLP secured by a prepetition fee retainer ($15,000.00)

## Article VI.
## Provisions for Executory Contracts and Unexpired Leases

Section 6.01    **Assumed Executory Contracts and Unexpired Leases.**

(a)  **Assumed Contracts**

The Debtor shall not assume any executory contracts or unexpired leases.

(b)  **Rejected Contracts.**

The Debtor shall have been conclusively deemed to have rejected any unexpired leases or executory contracts.

## Article VII.
## Means for Implementation of the Plan

Section 7.01    **Available Funds.**

The Debtor's attorneys currently hold approximately $5.5 Million in trust for the Estate, which is more than sufficient to pay all allowed claims on the Effective Date.

Section 7.02    **Management.**

As of January 1, 2014, Michael Mazzarino was relieved as manager of the Debtor, and Luxury Resorts, LLC, the Debtor's sole member, has the right to elect a new manager in accordance with applicable law.

Section 7.03    **Effective Date of Plan.**

The effective date of this Plan (the "Effective Date") is the eleventh business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

## Article VIII.
## Effect of Confirmation of the Plan

Section 8.01    **Discharge of Debtor.**

(a)    **Discharge**

On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely

complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

    (b)    **Modification of Plan**

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or re-voting on the Plan.

    (c)    **Final Decree**

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

Section 8.02    **The Reorganized Debtor**

Except as otherwise provided in the Plan, on the Effective Date of the Plan, all assets of the Debtor shall be vested in the Reorganized Debtor, and the Reorganized Debtor shall assume all of the Debtor's rights, obligations and liabilities under the Plan.

Section 8.03    **Administration After the Effective Date**

Except as otherwise provided in this Plan, the Debtor may use, acquire, and dispose of property, free of any restrictions of the Code and Federal Rules of Bankruptcy Procedure from and after the Effective Date.

Section 8.04    **Term of Bankruptcy Injunction or Stays**

All injunctions or stays provided for in this Case under sections 105 or 362 of the Code, or otherwise, and in existence on the confirmation date, shall remain in full force and effect until the Effective Date.

Section 8.05    **Revesting of Assets**

Except as otherwise provided in the Plan, pursuant to section 1141 of the Code, the property of the Estate of the Debtor, including, without limitation, any causes of action, shall revest in the Reorganized Debtor on the Effective Date, free and clear of all liens, claims and interests of holders of claims and equity interests.

Section 8.06    **Injunction Related to Discharge**

Except as otherwise expressly provided in the Plan, the confirmation order or a separate order of the Court, all persons who have held, hold or may hold claims against or equity interests in the Debtor and/or the Estate's assets, are permanently enjoined, on and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such claim or equity Interest, (ii) enforcing, attaching, collecting or

recovering by any manner or means of any judgment, award, decree or order against the Debtor on account of any such claim or equity Interest, (iii) creating, perfecting or enforcing any lien or asserting control of any kind against the Debtor or against the property or interests in property of the Debtor on account of any such claim or equity interest and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtor or against the property or interests in property of the Debtor on account of any such claim or equity interest.

## Article IX.
## Miscellaneous

Section 9.01    **Severability.**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

Section 9.02    **Binding Effect.**

The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

Section 9.03    **Captions.**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

Section 9.04    **Controlling Effect.**

Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

/s/ Peter Loftin
Manager, Casa Casuarina LLC
Plan Proponent

/s/ Joe M. Grant
Attorney for the Debtor