## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

CASA CASUARINA, LLC,                                    Case No. 13-25645-LMI

                                                        Chapter 11

          Reorganized Debtor.
_____/

## REORGANIZED DEBTOR'S MOTION FOR APPROVAL OF
## SETTLEMENT AGREEMENT AMONG DEBTOR AND R. MARCELO CLAURE

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

Casa Casuarina, LLC (the "Reorganized Debtor"), by and through undersigned counsel and pursuant to Fed. R. Bankr. P. 9019, moves for entry of an order approving the settlement agreement by and among the Reorganized Debtor and R. Marcelo Claure (the "Parties"), and in support thereof, states as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1134. Venue is proper in this district pursuant to 28 U.S.C §§ 1408 and 1409.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The predicate for the relief requested herein is Federal Rule of Bankruptcy Procedure 9019.

### Background

3.      On July 1, 2013 (the "Petition Date"), the Reorganized Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.

4.      Prior to the Petition Date, R. Marcelo Claure provided a deposit to become a member at Casa Casuarina.

5.      On May 16, 2014, the Reorganized Debtor's Plan of Reorganization (the "Plan") was approved by the Court.  Pursuant to Section 5.03 of the Plan, settlements with claimants must be approved by the Court.

6.      R. Marcelo Claure filed a proof of claim [Claim No. 50] (the "Claure Proof of Claim") asserting an unsecured claim in the amount of $15,000.00. The Debtor disputes that it is indebted to Claure and further claimed a setoff against Claure for monies owed to the Club.

7.      After negotiations regarding the claims and the Reorganized Debtor's defenses, and factoring in the costs associated with litigating the claims, the Parties ultimately reached an agreement to settle the claim and the objection filed to such claim [D.E. 397], subject to Bankruptcy Court approval.

8.      The agreement between the parties provides that the Reorganized Debtor will withdraw its objection to the Claure Proof of Claim and pay an agreed portion of the amount claimed

## RELIEF REQUESTED

9.      By this Motion, the Reorganized Debtor respectfully requests that the Court enter an order, pursuant to Bankruptcy Rule 9019, approving the settlement and authorizing the transactions contemplated thereunder.

10.      The Eleventh Circuit has announced that:

> [w]hen a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir.1990).

11.     Here, all four factors weigh in favor of approving the settlement.

### A.  There is significant risk in litigating the case.

12.     Considering the first factor, the probability of success in litigation, the Reorganized Debtor submits that there is risk to the estate in fully litigating the case. Although the Reorganized Debtor asserts that it has defenses to these proofs of claim, the difference between allowance (in full) of the claim and disallowance is substantial.

13.     If the Reorganized Debtor were to litigate the case fully, there is a possibility that the Court could agree with these claimants that the Reorganized Debtor must repay the entire membership deposits.  As it stands now, the Reorganized Debtor has negotiated a reduced payment to these creditors, based in large part on the defenses raised by the Debtor to these claims.  The Reorganized Debtor submits that even if it were successful in disallowing each of the claims in their entirety, the fees and costs incurred in reaching that result will approach and could exceed the amount that the Debtor proposes to pay hereunder.[1]

### B.  Collection would likely prove very difficult and costly for the Estate

14.     Likewise, the Reorganized Debtor believes that the second factor, the difficulty of collection, also weighs in favor of approval of the settlement. In this case, the Reorganized Debtor only has a setoff claim and has no claim over and above what these claimants are seeking from the Reorganized Debtor.   Thus, even assuming the Reorganized Debtor incurred the

---

[1] The precise agreed amount to be paid in respect of each claim is not disclosed herein because there are several similar claims with pending unresolved objections and, accordingly, the Debtor considers such information to be confidential commercial information subject to protection from disclosure pursuant to Fed. R. Bankr. P. 9018. Because the proposed payments do not impact the Debtor's ability to pay allowed unsecured claims in full pursuant to the confirmed Plan, no creditor is impacted by this settlement and the Debtor submits that the information provided is sufficient for creditors to recognize that they are not prejudiced by the proposed settlement.

expenses of litigating these claims, the fact is that there would be no positive recovery against these claimants.

15.    As such, the Reorganized Debtor concluded in its business judgment that collection would not be probable and that paying a reduced negotiated sum with the claimants was its best course of action.

### C.  Litigation would likely be very expensive

16.    The litigation to resolve the Proofs of Claim and any objection would prove expensive. First, the claims and counterclaims would require detailed discovery into various business transactions made among the Parties over a period of years.

17.    The Reorganized Debtor submits, especially in light of the first two factors, that the risks of and added expense in fully litigating these claims and objections will certainly approach and may well exceed the settlement amounts paid to these claimants.

### D.  The settlement are in the best interest of the creditor body

18.    In considering the paramount interest of the creditors, the Debtor necessarily weighed all of these factors. In its business judgment, it concluded that the great expense involved in taking the objections to hearing, the settlement is in the creditors' best interest since both sides will incur fees to litigate these issues. Moreover, with respect to the second part of the factor, "proper deference to [creditors'] reasonable views in the premises," the Reorganized Debtor notes that no party (other than equity) is prejudiced by the settlements, as the confirmation of the Plan ensured that there are sufficient funds available to pay all other allowed unsecured claims in full.

### E.  The Court has discretion to approve this Settlement

19.     Rule 9019 provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Settlements and compromises are "a normal part of the process of reorganization."  *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S.  414, 428 (1968).  "Settlements are favored in bankruptcy because they serve to minimize litigation, provide a means for efficient resolution of disputes, and help to expedite the administration of the bankruptcy estate." *In re Genesis Health Ventures*, 266 B.R. 591, 619 (Bankr. D. Del. 2001); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

20.     Approval of a settlement in bankruptcy proceedings is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *In re Arrow, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).  The test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id.* at 891.

### <u>CONCLUSION</u>

21.     After considering all the attending factors, in its business judgment, the Reorganized Debtor believes that the proposed settlements are reasonable and in the best interests of the estate, and will resolve all disputes among the Parties while avoiding delay and costly litigation with respect thereto. For all the foregoing reasons, the Reorganized Debtor believes that good cause exists for approval of the settlements.

WHEREFORE, the Reorganized Debtor respectfully requests that the Court enter an order approving the proposed settlement, authorizing the Parties to consummate the settlement, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**MARSHALL SOCARRAS  GRANT, P.L.**
Attorneys for the Reorganized Debtor
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.361.1000
Facsimile No. 561.672.7581
Email: efile@msglaw.com

By:   /s/ Joe M. Grant
      JOE M. GRANT
      Florida Bar No. 137758
      ADAM D. MARSHALL
      Florida Bar No. 579823